1   ELIZABETH A. BROWN (SB# 235429)
    JENNIFER SVANFELDT (SB# 233248)
2   MARIO C. ORTEGA (SB# 272455)
    lisabrown@gbgllp.com
3   jensvanfeldt@gbgllp.com
    marioortega@gbgllp.com
4   GBG LLP
    633 West 5th Street, Suite 3330
5   Los Angeles, CA  90071
    Telephone:  (213) 358-2810
6   Facsimile:  (213) 995-6382

7   Attorneys for Defendant
    AT&T MOBILITY SERVICES LLC
8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   MARIA GUERRERO, an individual,        Case No.

13              Plaintiff,                 **DEFENDANT AT&T MOBILITY
                                           SERVICES LLC'S NOTICE OF
14        vs.                              REMOVAL OF CIVIL ACTION TO
                                           FEDERAL COURT**
15   AT&T MOBILITY SERVICES, LLC; and
     DOES 1 through 50, inclusive;         (Kern County Superior Court Case No. BCV-
16                                         23-101355)
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2  EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF

3  RECORD:

4          PLEASE TAKE NOTICE that Defendant AT&T MOBILITY SERVICES LLC

5  ("Defendant" or "AT&T Mobility") hereby removes this action from the Superior Court of the

6  State of California for the County of Kern to the United States District Court for the Eastern

7  District of California.  AT&T Mobility removes this action pursuant to 28 U.S.C. §§ 1331, 1332,

8  1441(a) and (b), and 1446 for the reasons stated below.

9  **I.      THE STATE COURT ACTION**

10         On May 2, 2023, Plaintiff Maria Guerrero ("Plaintiff") filed a Complaint commencing this

11 action in the Superior Court of the State of California for the County of Kern ("Superior Court")

12 entitled *Maria Guerrero, an individual, v. AT&T Mobility Services, LLC; and Does 1-50,*

13 *inclusive* (Kern County Super. Ct. Case No. BCV-23-101355).  *See* Declaration of Mario C.

14 Ortega ("Ortega Decl.") ¶ 2, Ex. A ("Complaint" or "Compl.").[1]

15         Plaintiff's Complaint alleges causes of action for: (1) sexual harassment in violation of the

16 Fair Employment and Housing Act ("FEHA"); (2) sex and gender discrimination in violation of

17 FEHA; (3) failure to prevent harassment in violation of FEHA; and (4) retaliation in violation of

18 FEHA.  On May 15, 2023, Defendant was personally served with the Complaint through its agent

19 for service of process, CT Corporation.  *See* Ortega Decl. ¶ 3, Exhibit B.

20         Defendants Does 1 through 50 are unnamed and unknown, and therefore have not been

21 served with the Complaint.  *See* Compl. ¶ 3.

22 **II.     SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1441(A) AND 1446**

23         Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this

24 Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and

25 filed with the Clerk of the Kern County Superior Court.  True and correct copies of the Notice to

26 the Superior Court of Removal of Civil Action and the Notice to Adverse Party of Removal of

27
28

---

[1] Pursuant to 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings, and orders served in this action are attached to this Notice as Exhibit A.

Case No.                                 -1-        DEFENDANT'S NOTICE OF REMOVAL OF
                                                    CIVIL ACTION TO FEDERAL COURT

Civil Action are attached to the Ortega Declaration as Exhibits D and E, respectively. This Notice of Removal is timely. It is filed within thirty days of service of the Complaint, making this matter removable pursuant to 28 U.S.C. § 1446(b). Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

**III.    THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY JURISDICTION)**

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because: (a) it is a civil action; (b) it is between citizens of different states; and (c) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties**

Complete diversity exists between Plaintiff and Defendant, as explained below.

***Plaintiff is a citizen of California*:**

For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, the Complaint states that Plaintiff "was and is a resident of the State of California, County of Kern." Compl. ¶ 1. Moreover, according to Plaintiff's employment records, the last known address that she provided to AT&T Mobility is located in the State of California. *See* Declaration of Lorena Garcia in Support of Defendant AT&T Mobility Services LLC's Notice of Removal of Civil Action to Federal Court ("Garcia Decl."), ¶ 4. Consistent with the information above, Plaintiff filed this action in the Superior Court of the State of California for the County of Kern. *See* Ortega Decl., Exhibit A. For purposes of diversity of citizenship, Plaintiff is domiciled in California.

//

//

1    ***AT&T Mobility is not a citizen of California***:

2        AT&T Mobility is now, and was at the time this action was commenced, a citizen of the

3    states of Delaware and Georgia.  AT&T Mobility is a limited liability company organized and

4    existing under the laws of the state of Delaware with its headquarters located in Georgia.  *See*

5    Declaration of Jackie A. Begue in Support of Defendant AT&T Mobility Services LLC's Notice

6    of Removal of Civil Action to Federal Court ("Begue Decl."), ¶¶ 3-4.  AT&T Mobility's sole

7    member is Cricket Holdco Inc.  *Id.* ¶ 5.  Cricket Holdco Inc. is a Delaware corporation whose

8    principal place of business is located at 1025 Lenox Park Boulevard in Atlanta, Georgia – and is

9    therefore a citizen of both Delaware and Georgia.  *Id.* ¶ 5; *see also* 28 U.S.C. § 1332(c)(1) ("a

10   corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated

11   and of the State . . . where it has its principal place of business").  Therefore, based on the

12   citizenship of its sole member, AT&T Mobility is a citizen of the states of Delaware and Georgia.

13   *See, e.g., Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding

14   that "an LLC is a citizen of every state of which its owners/members are citizens"); 28 U.S.C.

15   § 1332(c).

16       For purposes of removal, "the citizenship of defendants sued under fictitious names shall

17   be disregarded."  28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

18   690 (9th Cir. 1998) (holding that in determining whether diversity of citizenship exists, only the

19   named defendants are considered).  Therefore, Plaintiff's inclusion of "DOES 1 through 50" in

20   the Complaint cannot defeat diversity jurisdiction.  Accordingly, there is complete diversity

21   between the parties, and the requirements of 28 U.S.C. § 1332(a) are satisfied.

22       **B.**    **The Amount in Controversy Exceeds $75,000[2]**

23       Removal is proper if, in addition to complete diversity, it is more likely than not that the

24   value of Plaintiff's claims – i.e., her *potential* recovery – exceeds $75,000.  *Matheson v.*

25

26       [2] Below, AT&T Mobility provides a valuation of Plaintiff's claims solely to demonstrate
     that the amount in controversy exceeds $75,000 for purposes of removal.  In doing so, AT&T

27   Mobility does not concede that Plaintiff is entitled to any finding in her favor on the merits of her
     claims or any other recovery (of any particular amount or at all).  AT&T Mobility reserves its

28   right to dispute Plaintiff's claims with respect to both liability and damages.

*Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090-91 (9th Cir. 2003); 28 U.S.C. § 1332(a). "The amount in controversy is simply an *estimate* of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008)) (emphasis added). Accordingly, when assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks and brackets omitted).

Here, Plaintiff seeks damages for, among other things, past and present "emotional distress, humiliation, mental anguish and embarrassment" (*id.* ¶¶ 29, 37, 46, 55), ongoing "physical and emotional suffering for a period *in the future*" (*id.* ¶ 29, 37, 46, 55) (emphasis added), "exemplary and punitive damages" (*id.* ¶¶ 31-32, 39-40, 48-49, 57), and attorneys' fees. Compl. ¶¶ 30, 38, 47, 56; *see also* Prayer for Relief at Compl. p. 11. Plaintiff's claims for emotional distress, punitive damages, and attorneys' fees must be included in the amount in controversy for purposes of the jurisdictional analysis. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005) (emotional distress damages are included in the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees are included in the amount in controversy where (as here) they are recoverable by statute or contract); *Swirski v. Protec Bldg. Servs., Inc.*, No. 3:20-cv-01321-LAB-MDD, 2022 WL 1289692, at *2 (S.D. Cal. Apr. 29, 2022) ("California Government Code section 12965 . . . authorizes an award of attorneys' fees and costs in a FEHA action"). For purposes of the amount in controversy, the alleged damages must include "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). In determining the amount in controversy for purposes of removal, courts look to jury verdicts and awards in similar cases as an appropriate measure. *See, e.g., Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (a court may rely on awards in similar cases to

determine the amount in controversy). Therefore, based on the types of claims pled in Plaintiff's Complaint, jury verdicts and awards in other employment cases are determinative. *Id.*

As noted above, Plaintiff seeks an award of emotional distress damages. Compl. ¶¶ 29, 37, 46, 55; Prayer for Relief at Compl. p. 11. Looking to jury awards for emotional distress in successful employment cases, plaintiffs seeking recovery for alleged employment discrimination are routinely awarded emotional distress damages well in excess of the jurisdictional threshold of $75,000. *See, e.g., Hope v. California Youth Auth.*, 134 Cal. App. 4th 577, 595 (2005) (affirming award of $1,000,000 in emotional distress damages in lawsuit alleging claims for harassment and failure to prevent harassment; the fact-finder has "vast discretion" to "determin[e] the amount of damages to be awarded"); *Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 in emotional distress damages awarded in employment case); *see also Chambers v. Penske Truck Leasing Corp.*, No. 1:11-cv-00381 LJO GSA, 2011 WL 1459155, at *3 (E.D. Cal. Apr. 15, 2011) ("A court may consider that emotional damages 'are potentially substantial'").

Plaintiff also seeks an award of punitive damages "in an amount . . . that is appropriate to punish Defendant and deter others from engaging in such conduct." Compl. ¶¶ 31-32, 39-40, 48-49, 57; Prayer for Relief at Compl. p. 11. Although AT&T Mobility denies that Plaintiff is entitled to any recovery at all, much less punitive damages, case law addressing similar employment claims indicates that the amount in controversy on Plaintiff's claim for punitive damages alone substantially exceeds the jurisdictional threshold. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-20 (2010) (affirming punitive damages award of $1,905,000 in an employment discrimination lawsuit); *Simmons*, 209 F. Supp. 2d at 1033 (denying plaintiff's motion to remand, based on the Court's review of prior jury verdicts awarding up to $121,000,000 in punitive damages; "the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases").

Plaintiff also seeks an award of attorneys' fees. *See* Compl. ¶ 30 ("Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorney fees and costs in connection therewith."); *id.* ¶¶ 38, 47, 56; Prayer for Relief at Compl. p. 11. Attorneys' fees are appropriately included in the amount in controversy

1   where, as here, "an underlying statute authorizes an award of attorneys' fees, either with

2   mandatory or discretionary language." *Galt G/S*, 142 F.3d at 1156. Relevant here, "California

3   Government Code section 12965 . . . authorizes an award of attorneys' fees and costs in a FEHA

4   action." *Swirski*, 2022 WL 1289692 at *2. As such, attorneys' fees in this case further increase

5   the amount in controversy, even while (as outlined above) the $75,000 minimum is already

6   satisfied. *Simmons*, 209 F. Supp. 2d at 1035 (accounting for attorneys' fees in the amount in

7   controversy, and noting that employment claims "require substantial effort from counsel").

8       Plaintiff also seeks to recover damages for her alleged "financial losses, including without

9   limitation, loss of salary and benefits, and the intangible loss of employment related opportunities

10  in her field and damage to her professional reputation, all in an amount subject to proof at the

11  time of trial." Compl. ¶¶ 36, 54. With respect to her alleged lost earnings, Plaintiff is a current

12  employee of AT&T Mobility but alleges that "her physician put her out on a medical leave of

13  absence" for approximately 15 weeks in late 2022 due to the purported harassment and her

14  alleged anxiety. *See* Compl. ¶¶ 19-20 (alleging that Plaintiff's "physician put her out on a

15  medical leave of absence on or around September 21, 2022" with a "return to work date . . . set

16  for January 1, 2023"); *see also* Garcia Decl. ¶ 6 (Plaintiff received unpaid time off from work

17  from approximately September 21, 2022 until her return to work on January 3, 2023). Based on

18  Plaintiff's allegations, her alleged lost earnings alone for just that 15-week period would add, at a

19  minimum, another $14,000 to the amount in controversy, which is already far in excess of the

20  jurisdictional threshold as outlined above: $23.49 per hour X 40 hours per week X 15 weeks =

21  $14,094. *See* Garcia Decl. ¶ 5 (Plaintiff's total earnings during her last full year of employment

22  (2022) were $46,987.98, which amounts to $23.49 per hour). This amount is in addition to

23  Plaintiff's claimed economic damages for the "loss of employment related opportunities in her

24  field and damage to her professional reputation" alleged in the Complaint, which only further

25  increase the amount in controversy. Compl. ¶¶ 36, 54.

26      For the reasons outlined above, Plaintiff's claims place well in excess of $75,000 in

27  controversy. *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (employment lawsuit

28  seeking emotional distress damages, punitive damages, and attorneys' fees was sufficient to

exceed the $75,000 jurisdictional minimum, even though plaintiff had only allegedly suffered $13,000 in damages from lost income at the time of removal).

***

Based on the information above, the parties are of diverse citizenship and the amount in controversy is well in excess of the Court's jurisdictional threshold of $75,000. Therefore, Defendant's removal of this action to federal court is proper. *See, e.g., White*, 319 F.3d at 675-76 (employment lawsuit seeking emotional distress damages, punitive damages, and attorneys' fees was sufficient to exceed the $75,000 jurisdictional minimum, even though plaintiff had only allegedly suffered $13,000 in damages from lost income at the time of removal); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (former jurisdictional minimum of $50,000 was met where the plaintiff sought approximately $30,000 in tort damages as well as punitive damages).

WHEREFORE, AT&T Mobility hereby removes the above action from the Kern County Superior Court to this Court.

DATED:  June 13, 2023                          GBG LLP


BY: _____ /s/ Mario C. Ortega _____
                    MARIO C. ORTEGA

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>AT&T MOBILITY SERVICES, LLC.; and DOES 1 through 50, inclusive;<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MARIA GUERRERO, an individual; | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br>5/3/2023<br><br>Kern County Superior Court<br>By Vickie Fogerson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)* KERN<br><br>1215 Truxtun Avenue<br>Bakersfield. CA 93301 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BCV-23-101355** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric M. Gruzen;Shahla Jalil-Valles     5855 Topanga Canyon Blvd, Suite 300 Woodland Hills, CA 91367    (818)610-8800

| DATE: 5/3/2023<br>*(Fecha)* | TAMARAH HARBER-PICKENS | Clerk, by *Vickie M*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **AT&T MOBILITY SERVICES, LLC**

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☒ other *(specify):* Limited Liability Company

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**JML LAW**
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

ELECTRONICALLY FILED
5/2/2023 12:51 PM
Kern County Superior Court
By Vickie Fogerson, Deputy

ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**MARIA GUERRERO**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| MARIA GUERRERO, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY SERVICES, LLC.; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No.: BCV-23-101355<br><br>COMPLAINT FOR:<br><br>1. **SEXUAL HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];**<br>2. **SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>3. **FAILURE TO PREVENT HARASSMENT IN VIOLATION OF THE FEHA;**<br>4. **RETALIATION IN VIOLATION OF THE FEHA.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>AMOUNT DEMANDED EXCEEDS $25,000.00 |

Plaintiff, MARIA GUERRERO, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

1

COMPLAINT

## PRELIMINARY ALLEGATIONS

1.   At all times material herein, Plaintiff MARIA GUERRERO (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Kern.

2.   Plaintiff is informed, believes, and based thereon alleges that Defendant AT&T MOBILITY SERVICES, LLC. (hereinafter referred to as "AT&T") was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, County of Kern.

3.   The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

4.   Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint employer, and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

6.   Finally, Employer Defendants are liable for the acts of their employees under the doctrine of Respondeat Superior and via conspiracy liability. Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to

2   deliberately take said actions.

3       7.  Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

4   Defendants shall refer to all Defendants, and each of them.

5       8.  The jurisdiction of this Court is proper for the relief sought herein, and the amount

6   demanded by Plaintiff exceeds $25,000.

7                              **FACTUAL ALLEGATIONS**

8       9.  Plaintiff Guerrero began employment with Defendant AT&T in or about March 2020

9   as a Regional Sales Consultant. Plaintiff's daily responsibilities included providing customer

10  service and selling products/services on behalf of Defendant. Plaintiff worked in Defendant's

11  Bakersfield, California, location. Throughout Plaintiff's employment with Defendant, she has

12  become a valued and integral member of Defendant's organization.

13      10.  In or about mid-2021, Plaintiff Guerrero began to be sexually harassed by one of

14  Defendant's Sales Representatives, Isaiah Howard ("Howard"). At the time that the harassment

15  began, Howard was Plaintiff's co-worker. During this time period, Howard would comment on

16  Plaintiff's appearances, brush up against her, and would stare at her in a sexual manner while at

17  work. Plaintiff never reciprocated Howard's advances and all actions by Howard were

18  unwelcome.

19      11.  About two months after the harassment of Plaintiff began, Howard was moved to

20  another store, and was no longer working with Plaintiff at the Bakersfield location.

21      12.  In or about January 2022, Howard was promoted to Plaintiff's manager and was

22  moved to work alongside Plaintiff, as her superior, in the original Bakersfield store where

23  Plaintiff worked. Plaintiff is informed, believes, and based thereon alleges, that Howard was

24  brought back to work at the Bakersfield store because he was accused of sexual harassment at the

25  previous store at which he was working.

26      13. As soon as Howard became Plaintiff's supervisor, in or about January 2022, the sexual

27  harassment towards Plaintiff began again and intensified. Specifically, Howard sexually

28  harassment Plaintiff in the following ways:

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

- Howard would frequently show Plaintiff pictures of him, naked. Specifically, Howard would show Plaintiff pictures of his genital area.

- Howard would find ways to brush up against Plaintiff. On one occasion, Howard came so close to Plaintiff that he brushed his genitals on her.

- Howard would constantly comment on Plaintiff's body in a sexual manner, telling her, *"I like your butt"* and *"I like your boobs."*

- Howard would make statements to Plaintiff, such as, *"I know you are a squirter"* and *"Let's go to the parking lot, come on, it will be quick."* Howard would also tell Plaintiff, *"I know you are Latina, and all Latinas are squirters."*

- Howard would frequently tell Plaintiff that he wanted to engage in sexual acts with her.

- On one occasion, Plaintiff was eating an eggroll for lunch in the breakroom, when Howard came up close to Plaintiff, and in a sexual manner told her, *"You are putting that thing pretty good in there. It is so big."* Howard then proceeded to show Plaintiff pictures of his genitals, and stated, *"Doesn't it look good, I know you want it."*

14. Because Howard was Plaintiff's manager, she would be forced to interact with him on a daily basis. On most days, Plaintiff and Howard opened the store together. Often, Howard and Plaintiff would also close the store together, alone.

15. At all relevant times, when the harassment was taking place, Plaintiff's store manager, Michelle Lindsey Maccio ("Maccio") was on full notice of the sexual harassment. Despite this, Maccio ignored the harassment. On several occasions, Maccio herself observed the harassment by Howard towards Plaintiff, and in response, stated *"I didn't hear anything."* In addition, Maccio thought the harassment was humorous, and would purposefully try to schedule Plaintiff and Howard on the same shift.

16. Plaintiff insisted that she was not interested in Howard and always denied his advances. Plaintiff made it known to Howard that the sexual harassment was making her uncomfortable, that it was unwelcome and insisted that Howard stop on multiple occasions. Despite this, Howard continued sexually harassing Plaintiff.

17. In addition to reporting the harassment to Maccio, Plaintiff made formal complaints to

1  Defendant's Human Resources. Despite this, nothing was done to remedy or prevent the

2  harassment from occurring.

3      18.  When Howard found out about Plaintiff's complaints to Defendant, regarding the

4  harassment, he became very aggressive towards Plaintiff and yelled at her, stating *"You are*

5  *taking food out of my daughter's mouth!"* Howard also began to retaliate against Plaintiff for her

6  complaints and began to write her up. Plaintiff believes that Howard began to retaliate against

7  Plaintiff due to her complaints and her rejection of Howard's sexual advances.

8      19.  In or about April 2022, Plaintiff began to become severally distressed by the sexual

9  harassment she was experiencing. Specially, Plaintiff began to suffer from severe anxiety and

10  was terrified of coming into work. Plaintiff also began to experience and suffer from anxiety

11  attacks. On one occasion in particular, Plaintiff's anxiety attack was so severe that her son had to

12  call an ambulance in order for Plaintiff to obtain immediate medical care.

13      20.  Due to Plaintiff's severe emotional distress, her physician put her out on a medical

14  leave of absence on or around September 21, 2022. Plaintiff's return to work date was set for

15  January 1, 2023.

16      21.  When Plaintiff returned from her medical leave, in or about January 2023, she was

17  made aware that Howard was no longer working for Defendant. During this same time period,

18  Plaintiff was also made aware that Howard was going to her co-workers' homes and was

19  pounding on their doors. Plaintiff's co-workers were worried that Howard would find out where

20  Plaintiff lived and come to her house.

21      22.  The acts by Defendant created an intimidating, oppressive, hostile, offensive and

22  abusive work environment, whi ch altered and impaired Plaintiff's employment and emotional

23  well-being. The harassing conduct interfered with Plaintiff's work performance and seriously

24  affected her psychological well-being. Plaintiff was deeply upset by this harassing conduct and

25  considered her work environment to be intimidating, hostile and abusive.

26      23.  Plaintiff further exhausted her administrative remedies by filing a complaint with the

27  California Civil Rights System ("CCRS") on April 28, 2023. The CCRS issued Plaintiff an

28  immediate right-to-sue letter on April 28, 2023.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

# FIRST CAUSE OF ACTION

## SEXUAL HARASSMENT

### IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against DEFENDANT and DOES 1 through 50)

24.  Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

25.  At all times herein mentioned, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.  California Government Code § 12940(j) requires Defendants to refrain from harassing any employee.

26.  The sexually harassing conduct and harassing comments were severe and/or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

27.  Defendants failed to take immediate appropriate corrective action.  Defendants failed to properly train its supervisors regarding how to handle harassment and complaints of harassment. Defendants failed to take reasonable action to prevent further harassment from occurring.

28.  The above said acts of Defendants constitute harassment in violation of California Government Code § 12940 et seq.

29.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

30.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorney fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    31.   Defendant had in place policies and procedures that specifically prohibited and

2   required Defendants' managers, officers, and agents to prevent sexual harassment against and

3   upon employees of Defendant.  Plaintiff should, therefore, be awarded exemplary and punitive

4   damages against Defendant in an amount to be established that is appropriate to punish

5   Defendant and deter others from engaging in such conduct.

6    32.   Furthermore, Plaintiff is informed and believes and based thereon alleges that

7   Defendant had a pattern and practice of discriminating against and harassing employees due to

8   their sex and gender.  Plaintiff should, therefore, be awarded exemplary and punitive damages

9   against Defendant in an amount to be established that is appropriate to punish Defendant and

10   deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

## SEX/GENDER DISCRIMINATION

## IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against DEFENDANT and DOES 1 through 50)

15    33.   Plaintiff incorporates by reference all preceding paragraphs as though fully set forth

16   herein.

17    34.   At all times herein mentioned, California Government Code §§ 12940 et seq., the

18   Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on

19   Defendant and each of them, as Defendant regularly employed five (5) or more persons.

20    35.   California Government Code § 12940(a) requires Defendant to refrain from

21   discriminating against any employee on the basis of sex and/or gender.

22    36.   As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered

23   actual, consequential and incidental financial losses, including without limitation, loss of salary

24   and benefits, and the intangible loss of employment related opportunities in her field and damage

25   to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

26   claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

27   provision of law providing for prejudgment interest.

28

1    37.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2    has suffered and continues to suffer emotional distress, humiliation, mental anguish and

3    embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

4    believes and thereupon alleges that she will continue to experience said physical and emotional

5    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

6    at the time of trial.

7    38.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to

8    hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

9    incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

10    fees and costs under California Government Code § 12965(b).

11    39.    Defendant had in place policies and procedures that specifically prohibited and

12    required Defendants' managers, officers, and agents to prevent discrimination based on sex and

13    gender against and upon employees of Defendant. Plaintiff should, therefore, be awarded

14    exemplary and punitive damages against Defendant in an amount to be established that is

15    appropriate to punish Defendant and deter others from engaging in such conduct.

16    40.    Furthermore, Plaintiff is informed and believes and based thereon alleges that

17    Defendant had a pattern and practice of discriminating against and harassing employees due to

18    their sex and gender. Plaintiff should, therefore, be awarded exemplary and punitive damages

19    against Defendant in an amount to be established that is appropriate to punish Defendant and

20    deter others from engaging in such conduct.

21    **THIRD CAUSE OF ACTION**

22    **FAILURE TO PREVENT HARRASSMENT**

23    **IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

24    **(Against DEFENDANT and DOES 1 through 50)**

25    41.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

26    forth herein.

27    42.    At all times mentioned herein, California Government Code Sections 12940, et seq.,

28    including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   binding upon Defendants and each of them.  These sections impose on an employer a duty to

2   take immediate and appropriate corrective action to end harassment and take all reasonable steps

3   necessary to prevent harassment from occurring, among other things.

4       43.  Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

5   supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

6   described herein.

7       44.  Defendants failed to fulfill their statutory duty to timely take immediate and

8   appropriate corrective action to end the harassment and also failed to take all reasonable steps

9   necessary to prevent the harassment from occurring.

10      45.  In failing and/or refusing to take immediate and appropriate corrective action to end

11  the harassment, and in failing and/or refusing to take and or all reasonable steps necessary to

12  prevent the harassment from occurring, Defendants violated Government Code § 12940 (j) and

13  (k), causing Plaintiff to suffer damages as set forth above.

14      46.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

15  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

16  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

17  believes and thereupon alleges that she will continue to experience said physical and emotional

18  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

19  at the time of trial.

20      47.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

21  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

22  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

23  recover attorneys' fees and costs under Government Code § 12965(b).

24      48.  Defendant had in place policies and procedures that specifically prohibited and

25  required Defendants' managers, officers, and agents to prevent sexual harassment against and

26  upon employees of Defendant.  Plaintiff should, therefore, be awarded exemplary and punitive

27  damages against Defendant in an amount to be established that is appropriate to punish

28  Defendant and deter others from engaging in such conduct.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

49.   Furthermore, Plaintiff is informed and believes and based thereon alleges that Defendant had a pattern and practice of discriminating against and harassing employees due to their sex and gender.  Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

## RETALIATION

## IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

## (Against DEFENDANT and DOES 1 through 50)

50.   Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully Set forth herein.

51.   California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has engaged in protected activity under the FEHA.

52.   At all times herein mentioned, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

53.   Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of California Government Code § 12940(h).

54.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

55.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    suffering for a period in the future not presently ascertainable, all in an amount subject to proof

2    at the time of trial.

3        56.   As a proximate result of the wrongful acts of Defendants, and each of them,

4    Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is

5    expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

6    entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

7        57.   Defendants had in place policies and procedures that specifically prohibited and

8    required Defendants' managers, officers, and agents to prevent retaliation upon employees of

9    Defendants. Defendants' managers, officers, and/or agents were aware of Defendants' policies

10   and procedures requiring Defendants' managers, officers, and agents to prevent retaliation upon

11   employees of Defendants. However, Defendants' managers, officers, and agents chose to

12   consciously and willfully ignore said policies and procedures and therefore, their outrageous

13   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

14   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided,

15   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

16   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

17   each Defendant in an amount to be established that is appropriate to punish each Defendant and

18   deter others from engaging in such conduct.

19

20   **WHEREFORE, Plaintiff prays for judgment as follows:**

21       1.   For general damages, according to proof;

22       2.   For special damages, according to proof;

23       3.   For attorneys' fees, according to proof;

24       4.   For prejudgment interest, according to proof;

25       5.   For punitive and exemplary damages, according to proof;

26       6.   For costs of suit incurred herein;

27       7.   For interest accrued to date;

28       8.   For such other relief that the Court may deem just and proper.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1

2 **DEMAND FOR JURY TRIAL**

3 Plaintiff hereby demands a jury trial for all causes of action set forth herein.

4

5 DATED: May 1, 2023                    JML LAW, A Professional Law Corporation

6

7

8 By:    _____

9 ERIC M. GRUZEN

10 SHAHLA JALIL-VALLES

11 Attorneys for Plaintiff Maria Guerrero

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA 93301 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>MAY 03, 2023<br>BY *Vickie Fogerson* DEPUTY |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:**<br>   **MARIA  GUERRERO**<br>**DEFENDANT/RESPONDENT:**<br>   **AT&T MOBILITY SERVICES, LLC** | |
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-23-101355 |

By order of the presiding judge, the above entitled case is assigned to the Honorable Bernard C. Barmann, JR for all purposes. It will be managed on the direct calendar program in Bakersfield Division H until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.  Please include the initials **BCB** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **August 16, 2023** in **Bakersfield Division H** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Bernard C. Barmann, JR on **October 30, 2023** at **8:30 A.M.** in **Bakersfield Division H**.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**

**IMPORTANT:**  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**

**IMPORTANT:**  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  May 03, 2023

Signed: 5/3/2023 4:07:24 PM

By:     *Vickie M*

Vickie Fogerson, Deputy Clerk

GUERRERO VS AT&T MOBILITY SERVICES, LLC
BCV-23-101355

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Bernard C. Barmann, JR as monitoring judge.

Judge Bernard C. Barmann, JR has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division H. This will involve all cases in which the clerk has assigned the initials BCB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Bernard C. Barmann, JR. However, those cases that do not settle will be set for trial before him/her.

GUERRERO VS AT&T MOBILITY SERVICES, LLC
BCV-23-101355

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1.  The "at-issue" status of the case including any new parties that may be contemplated;
2.  A brief statement of the type of case and the general facts or contentions;
3.  A description of the discovery done to date and that contemplated to be done;
4.  Estimated time for trial and whether a jury is demanded;
5.  Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6.  An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7.  If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8.  A statement of any settlement negotiations undertaken thus far;
9.  The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1.  The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2.  Discovery conducted and remaining to be done;
3.  Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4.  Delineation of issues including stipulation of facts not in substantial controversy;
5.  Settlement prospects;
6.  Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7.  Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

GUERRERO VS AT&T MOBILITY SERVICES, LLC
BCV-23-101355

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).

Date of Posting:        May 03, 2023

Place of Posting:       Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Date:  May 03, 2023

Signed: 5/3/2023 4:07:24 PM

By:        *Vickie M*

Vickie Fogerson, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Eric M. Gruzen, Shahla Jalil-Valles (222448; 327892)<br>JML Law, APLC<br>5855 Topanga Canyon Blvd, Suite 300 Woodland Hills, CA 91367<br>TELEPHONE NO.: (818)610-8800    FAX NO. *(Optional):* (818)610-3030<br>E-MAIL ADDRESS: egruzen@jmllaw.com; shahla@jmllaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Maria Guerrero | **FOR COURT USE ONLY**<br><br>ELECTRONICALLY FILED<br><br>5/4/2023 11:46 AM<br><br>Kern County Superior Court<br><br>By Leslie Dickey, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS: 1215 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME:

**CASE NAME:**
GUERRERO V AT&T MOBILITY SERVICES, LLC; et al

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER:<br>BCV-23-101355 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 1, 2023

Eric M. Gruzen; Shahla Jalil-Valles
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

Case 1:23-cv-00885-RES-CDB    Document 1    Filed 06/13/23    Page 28 of 36

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

ELECTRONICALLY FILED
6/12/2023 4:56 PM
Kern County Superior Court
By Vanessa Castro, Deputy

1  | GBG LLP
   | ELIZABETH A. BROWN (SB# 235429)
2  | lisabrown@gbgllp.com
   | JENNIFER SVANFELDT (SB# 233248)
3  | jensvanfeldt@gbgllp.com
   | MARIO C. ORTEGA (SB# 272455)
4  | marioortega@gbgllp.com
   | 633 West 5th Street, Suite 3330
5  | Los Angeles, CA  90071
   | Telephone:  (213) 358-2810
6  | Facsimile:  (213) 995-6382
7  |
   | Attorneys for Defendant
8  | AT&T MOBILITY SERVICES LLC

9

10

11

12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KERN

| MARIA GUERRERO, an individual; | Case No. BCV-23-101355 |
|---|---|
| Plaintiff, | **DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF MARIA GUERRERO'S UNVERIFIED COMPLAINT** |
| vs. | |
| AT&T MOBILITY SERVICES, LLC; and DOES 1 through 50, inclusive; | |
| Defendants. | Dept.:      H |
| | Judge:     Hon. Bernard Barmann, Jr. |
| | Complaint Filed:     May 2, 2023 |

1    TO PLAINTIFF MARIA GUERRERO AND TO HER ATTORNEYS OF RECORD:

2          Defendant AT&T MOBILITY SERVICES LLC ("Defendant"), for itself alone and no

3    other defendant, hereby responds to the unverified complaint ("Complaint") filed by Plaintiff

4    MARIA GUERRERO ("Plaintiff"), as follows:

5          1.      Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant

6    denies, generally and specifically, each and every material allegation in the Complaint.

7          2.      Defendant further denies, generally and specifically, that Plaintiff is entitled to any

8    of the relief requested, or that she has been or will be damaged in any sum, or at all, by reason of

9    any act or omission on the part of Defendant or any of its past or present employees,

10   representatives, or agents.

11         Without admitting any facts alleged by Plaintiff, Defendant also pleads the following

12   separate and affirmative defenses to the Complaint:

13                  <u>FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

14                              (No Cause of Action)

15         1.      The Complaint, and each of its causes of action, fails to allege facts sufficient to

16   constitute a cause of action.

17                  <u>SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

18                            (Statute of Limitations)

19         2.      The Complaint, and each of its causes of action, is barred in whole or in part by all

20   applicable statutes of limitation, including but not limited to California Government Code section

21   12960.

22                  <u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

23                              (Unclean Hands)

24         3.      The Complaint, and each of its causes of action, is barred by the doctrine of

25   unclean hands by reason of Plaintiff's own actions and course of conduct.

26                  <u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

27                                (Estoppel)

28         4.      Plaintiff is estopped from pursuing the Complaint, and each of its causes of action,

1  by reason of Plaintiff's own actions and course of conduct.

2  FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

3  (Laches)

4  5.    The Complaint, and each of its causes of action, is barred by the doctrine of laches.

5  SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6  (Release)

7  6.    The Complaint, and each of its causes of action, is barred to the extent that

8  Plaintiff has released her claims against Defendant, whether through settlement agreements or

9  otherwise.

10  SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11  (Good-Faith Belief)

12  7.    The Complaint, and each of its causes of action, is barred because at all times

13  relevant to the Complaint, Defendant did not willfully or otherwise fail to comply with any

14  provisions of the California Government Code or any other provision of California law, but

15  rather, acted based on its good-faith belief that its acts or omissions were lawful.

16  EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

17  (Failure to Exhaust Statutory Prerequisites Under FEHA)

18  8.    The first through fourth causes of action are barred because Plaintiff failed to

19  exhaust all available administrative remedies and/or otherwise failed to satisfy the statutory

20  prerequisites to bringing such claims pursuant to the California Fair Employment and Housing

21  Act ("FEHA"), California Government Code section 12960 *et seq.*

22  NINTH SEPARATE AND AFFIRMATIVE DEFENSE

23  (Matters Outside the Scope of Administrative Complaint)

24  9.    The first through fourth causes of action are barred, in whole or in part, to the

25  extent that Plaintiff makes allegations or claims under the FEHA statute that do not reasonably

26  fall within the scope of any administrative complaint that Plaintiff has filed with the California

27  Department of Fair Employment and Housing / Civil Rights Department.

28  ///

1

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

### (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

3      10.     The first through fourth causes of action are barred because all of Defendant's

4  decisions and actions with respect to Plaintiff were made or taken solely for legitimate, business-

5  related reasons unrelated to Plaintiff's sex, gender, or any other protected classification or

6  protected activity of Plaintiff, and were reasonably based upon the facts as Defendant understood

7  them.

8

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

9

### (Workers' Compensation Act as Exclusive Remedy)

10     11.     The first through fourth causes of action are barred because Plaintiff's exclusive

11  remedy, if any, for the injuries alleged is governed by the California Workers' Compensation Act,

12  California Labor Code section 3200 *et seq.*

13

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

14

### (Avoidable Consequences)

15     12.     The first through fourth causes of action are barred by the avoidable consequences

16  doctrine because Plaintiff failed to exercise reasonable care and diligence to avoid harm or loss

17  that reasonably could have been prevented by such reasonable efforts. *See State Dep't of Health*

18  *Servs. v. Superior Court*, 31 Cal. 4th 1026 (2003).

19

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20

### (Preventive/Corrective Measures)

21     13.     The first through fourth causes of action are barred because Defendant exercised

22  reasonable care to prevent and promptly correct discriminatory, harassing, and/or retaliatory

23  behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or

24  corrective measures provided by Defendant.

25

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

26

### (Company Policies Foreclose Failure to Prevent Claim)

27     14.     Plaintiff's third cause of action is barred because at all times relevant to the

28  Complaint, Defendant had policies in place to prevent discrimination, harassment, and retaliation

1    in the workplace, and made good-faith efforts to implement and enforce those policies.

2                        FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

3                                       (Mixed Motive)

4           15.     Defendant did not commit the acts or omissions alleged in the Complaint, but,

5    even assuming that any of those alleged acts or omissions actually took place, such acts or

6    omissions would have occurred in any event for legitimate, non-discriminatory, non-pretextual,

7    and non-retaliatory reasons.

8                        SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

9           (No Oppression, Fraud, or Malice by an Officer, Director, or Managing Agent)

10          16.     Plaintiff is not entitled to recover any punitive or exemplary damages, and any

11   allegations relating to the recovery of such damages should be stricken, because Plaintiff has

12   failed to plead facts sufficient to support any allegations that: (a) there was any oppression, fraud,

13   and/or malice by Defendant or any officer, director, or managing agent of Defendant; (b) there

14   was any advance knowledge of the unfitness of any alleged wrongdoer by Defendant or any

15   officer, director, or managing agent of Defendant; (c) Defendant employed any alleged

16   wrongdoer with a conscious disregard for the rights or safety of others; or (d) Defendant or any

17   officer, director, or managing agent of Defendant authorized or ratified any wrongful conduct for

18   which the damages are sought (the existence of which Defendant denies).  Cal. Civ. Code § 3294.

19                      SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20                            (Punitive Damages Unconstitutional)

21          17.     Plaintiff is not entitled to recover punitive or exemplary damages, and any

22   allegations relating to any request for such damages should be stricken, because an award of

23   punitive damages in this action would violate Defendant's constitutional rights under the due

24   process clauses of the California Constitution and United States Constitution, the Fifth and

25   Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and

26   unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well

27   as other provisions of the California Constitution and the United States Constitution.

28   ///

1

<u>EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

2

(Company Policies Foreclose Punitive Damages)

3        18.    Plaintiff is not entitled to recover any punitive or exemplary damages against

4    Defendant, and any allegations relating to any request for such damages should be stricken,

5    because at all times relevant to the Complaint, Defendant had policies in place to prevent

6    discrimination, harassment, and retaliation in the workplace, and made good-faith efforts to

7    implement and enforce those policies.

8

<u>NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

9

(After-Acquired Evidence)

10        19.    To the extent that Defendant acquires, during the course of this litigation or

11    otherwise, any evidence of wrongdoing by Plaintiff that would have materially affected the terms

12    and conditions of Plaintiff's employment, such after-acquired evidence shall bar or reduce

13    Plaintiff's damages as provided by law.

14

<u>TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE</u>

15

(Failure to Mitigate Damages)

16        20.    To the extent that Plaintiff has failed to mitigate or make reasonable efforts to

17    mitigate her alleged damages, her recovery of damages, if any, must be barred or reduced

18    accordingly.

19

<u>TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE</u>

20

(Adequate Remedy at Law)

21        21.    Any award of injunctive or other equitable relief is barred because Plaintiff has an

22    adequate and complete remedy at law.

23

<u>TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE</u>

24

(Reservation of Right to Assert Additional Defenses)

25        22.    Defendant currently has insufficient knowledge or information on which it may

26    form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

27    Defendant hereby reserves its right to assert additional defenses in the event that discovery or

28    further investigation reveals that they would be appropriate.

DEFENDANT AT&T MOBILITY SERV'S LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1      WHEREFORE, Defendant prays for judgment as follows:

2      1.    That Plaintiff take nothing by reason of her Complaint, that the Complaint be

3 dismissed in its entirety with prejudice, and that judgment be entered for Defendant and against

4 Plaintiff;

5      2.    That Defendant be awarded its reasonable costs and attorneys' fees; and

6      3.    That Defendant be awarded such other and further relief as the Court deems just

7 and proper.

8 DATED:  June 12, 2023

GBG LLP

BY: _____

MARIO C. ORTEGA

Attorneys for Defendant
AT&T MOBILITY SERVICES LLC

DEFENDANT AT&T MOBILITY SERV'S LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2          I am employed in the City of Los Angeles and County of Los Angeles, State of California.

3    I am over the age of eighteen years and not a party to the within-entitled action.  My business

4    address is 633 West 5th Street, Suite 3330, Los Angeles, CA  90071.

5          On June 12, 2023, I served a copy of the within document(s):

6    **DEFENDANT AT&T MOBILITY SERVICES LLC'S ANSWER TO PLAINTIFF MARIA
     GUERRERO'S UNVERIFIED COMPLAINT**

7

8    on the interested parties:

9    ☐    VIA FAX:  By transmitting via facsimile the document(s) listed above to the fax
           number(s) set forth below on this date before 5:00 p.m.

10

11   ☒    VIA U.S. MAIL:  I am readily familiar with the firm's practice of collection and
           processing of correspondence for mailing.  Under that practice such sealed
12         envelope(s) would be deposited with the U.S. postal service on the above date with
           postage thereon fully prepaid, at Los Angeles, California.

13   ☐    VIA OVERNIGHT SERVICE:  By placing the document(s) listed above in a sealed
           _____ envelope and affixing a pre-paid air bill, and causing the envelope to be
14         delivered to a _____ agent for delivery.

15   ☐    VIA PERSONAL SERVICE:  By causing to be delivered the document(s) listed
           above to the person(s) at the address(es) set forth below.
16

17   ☐    VIA E-MAIL:  By transmitting a PDF version of the document(s) by e-mail to the
           person(s) set forth below using the e-mail address(es) indicated, pursuant to the
18         parties' electronic service agreement.

19

20   Eric M. Gruzen                              Email:  egruzen@jmllaw.com
     Shahla Jalil-Valles                                 shahla@jmllaw.com
21   JML Law
     5855 Topanga Canyon Blvd., Suite 300
22   Woodland Hills, CA  91367

23          I declare under penalty of perjury under the laws of the State of California that the above

24   is true and correct.

25          Executed on June 12, 2023, at Los Angeles, California.

26

27   _____

28                              Preston Thomas

- 1 -
PROOF OF SERVICE