1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  MARIA GUERRERO,                    Case No.  1:23-cv-00895-ADA-CDB

12              Plaintiff,             **<u>SCHEDULING ORDER</u>** (Fed. R. Civ. P. 16)

13        v.

                                       <u>Discovery Deadlines</u>:
14  AT&T MOBILITY SERVICES, LLC,        - Amend Pleadings: March 21, 2024
15              Defendant.              - Rule 26 Disclosures: September 22, 2023
                                        - Expert Disclosures: October 15, 2024
16                                      - Rebuttal Expert Disclosures: November 12, 2024
                                        - Fact Discovery: September 30, 2024
17                                      - Expert Discovery: December 13, 2024
                                        - Mid-Discovery Status Conference: August 14,
18                                     2024, at 9:00 a.m.

19                                      <u>Non-Dispositive Motion Deadlines</u>:
                                        - Filing: December 27, 2024
20                                      - Hearing: On or before February 3, 2025, at
                                         10:30 a.m., in Bakersfield Federal Courthouse
21
                                        <u>Dispositive Motion Deadlines</u>:
22                                      - Filing: March 3, 2025
                                        - Hearing: On or before April 14 2025, at
23                                       1:30 p.m, in Robert E. Coyle Federal Courthouse,
                                         Fresno, Courtroom 1, 8th Floor
24
                                        <u>Pre-Trial Conference</u>: September 22, 2025, at
25                                       1:30 p.m., in Fresno Federal Courthouse

26                                      <u>Trial</u>: November 18 2025, at 8:30 a.m, in Fresno
                                           Federal Courthouse
27

28

1   Plaintiff Maria Guerrero commenced this action in the Superior Court of the State of California,

2   County of Kern. Defendant AT&T Mobility Services, LLC, removed to this Court on June 13, 2023.

3   (Doc. 1).  In her complaint, Plaintiff raises causes of action for violation of California's Fair

4   Employment and Housing Act ("FEHA") for: (1) sexual harassment; (2) sex and gender discrimination;

5   (3) failure to prevent harassment; and (4) retaliation.

6   **Date of Scheduling Conference**

7   September 11, 2023, before Magistrate Judge Christopher D. Baker, via Zoom

8   videoconference.

9   **II.   Appearances of Counsel**

10   Eric Gruzen appeared on behalf of Plaintiff Maria Guerrero.

11   Mario Ortega appeared on behalf of Defendant AT&T Mobility Services, LLC.

12   **III.   Magistrate Judge Consent:**

13   The parties do not consent to magistrate judge jurisdiction.

14   **Notice of Congested Docket and Court Policy of Trailing**

15   Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the

16   Eastern District is to trail all civil cases.  The parties are hereby notified that for a trial date set before a

17   District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case

18   set on the same date until a courtroom becomes available.  The trial date will not be reset.

19   The Magistrate Judges' availability is far more realistic and accommodating to parties than that

20   of the District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal

21   and older civil cases over more recently filed civil cases.  A Magistrate Judge may conduct trials,

22   including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73,

23   and Local Rule 305.  Any appeal from a judgment entered by a Magistrate Judge is taken directly to the

24   United States Court of Appeal for the Ninth Circuit.

25   Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to

26   conduct all further proceedings, including trial, and to file a consent/decline form (provided by the

27   Court at the inception of this case) indicating whether they will consent to the jurisdiction of the

28   Magistrate Judge.

2

**IV.     Pleading Amendment**

Any motions to amend the pleadings must be filed by **March 21, 2024**.  The parties are advised that filing a motion and/or stipulation requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

**V.     Discovery Plan and Cut-Off Date**

The parties shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **September 22, 2023**.

The parties are ordered to complete all discovery pertaining to non-experts by **September 30, 2024**, and all discovery pertaining to experts by **December 13, 2024**.

The parties are directed to disclose all expert witnesses[1], in writing, by **October 15, 2024**, and to disclose all rebuttal experts by **November 12, 2024**.  The written designation of retained and non-retained experts shall be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

---

[1] In the event an expert will offer opinions related to an independent medical or mental health evaluation, the examination SHALL occur sufficiently in advance of the disclosure deadline so the expert's report fully details the expert's opinions in this regard.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **August 14, 2024**, at 9:00 a.m. before Magistrate Judge Christopher D. Baker. Counsel SHALL file a joint mid-discovery status conference report no later than one week before the conference.  Counsel also SHALL lodge the joint status report via e-mail to CDBorders@caed.uscourts.gov. The joint status report SHALL outline the discovery counsel have completed and that which needs to be completed as well as any impediments to completing the discovery within the deadlines set forth in this order.  Counsel SHALL discuss settlement and certify in the joint status report (1) that they have met/conferred regarding settlement, and (2) proposed dates for convening a settlement conference before a U.S. magistrate judge.

**VI.     Pre-Trial Motion Schedule / Informal Discovery Dispute Conferences**

All non-dispositive pre-trial motions, including any discovery motions, shall be filed by **December 27, 2024**[2] and heard on or before **February 3, 2025**.  Discovery motions shall be set before Magistrate Judge Baker.  For these hearings and at the direction of the Courtroom Deputy Clerk, the Court may direct counsel to appear remotely (via Zoom).  For hearings noticed to occur in-person, the Court may permit counsel to appear remotely (via Zoom) provided the Courtroom Deputy Clerk receives a written notice of the request to appear remotely no later than five court days before the noticed hearing date.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend.

No written discovery motions shall be filed without the prior approval of Magistrate Judge Baker.  A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute.  If that good faith effort is unsuccessful, the requesting party promptly shall seek a conference with all involved parties and Magistrate Judge Baker.  To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Susan Hall, at (661)

---

[2] Non-dispositive motions related to non-expert discovery SHALL be filed within a reasonable time of discovery of the dispute, but in no event later than 30 days after the expiration of the non-expert discovery deadline.

4

326-6620 or via email at SHall@caed.uscourts.gov.  At least two days before the conference, counsel SHALL file a joint, informal letter brief detailing each party's position.  Each party's narrative shall not exceed three pages, excluding exhibits.  At the commencement of the conference, if the parties jointly agree to Magistrate Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel.  Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and removed from the Court's calendar.

All dispositive pre-trial motions shall be filed by **March 3, 2025**, and heard on or before **April 14, 2025**, in Courtroom 1 at 1:30 p.m. before the Honorable Ana de Alba, United States District Judge. In scheduling such motions, counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

**VII.**   **Motions for Summary Judgment or Summary Adjudication**

At least 21 days before filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party SHALL initiate the meeting and SHALL provide a complete, proposed statement of undisputed facts at least five days before the conference.  The finalized joint statement of undisputed facts SHALL include all facts that the parties agree, for purposes of the motion, may be deemed true.  In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party SHALL certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

1   Failure to comply may result in the motion being stricken.

2   **VIII.   <u>Pre-Trial Conference Date</u>**

3          **September 22, 2025**, at 1:30 p.m. in Courtroom 1 before the Honorable Ana de Alba, United

4   States District Judge.

5          The parties are ordered to file a Joint Pretrial Statement pursuant to Local Rule 281(a)(2). The

6   parties are further directed to submit a digital copy of their pretrial statement in Word format, directly

7   to Judge de Alba's chambers, by email at ADAorders@caed.uscourts.gov.

8          Counsels' attention is directed to Rules 281 and 282 of the Local Rules of Practice for the

9   Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.

10  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the

11  Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the

12  Court to explain the nature of the case to the jury during voir dire.

13  **IX.   <u>Trial Date</u>**

14         **November 18, 2025**, at 8:30 a.m. in Courtroom 1 before the Honorable Ana de Alba, United

15  States District Judge.

16         A.      This is a jury trial.

17         B.      Counsels' Estimate of Trial Time:  5-7 days

18         C.      Counsels' attention is directed to Local Rules of Practice for the Eastern District of

19  California, Rule 285.

20  **X.   <u>Settlement Conference</u>**

21         The parties are advised that Judge de Alba requires that a mandatory settlement conference be

22  conducted prior to trial.  Where the parties filed a summary judgment/adjudication motion, a settlement

23  conference shall be scheduled 30 days after the motion is fully briefed.  In cases where the parties do

24  not file a summary judgment/adjudication motions, a settlement conference shall be scheduled 30 days

25  after the last day for the filing of dispositive motions.  Unless otherwise requested by the parties, the

26  Settlement Conference will be set before Magistrate Judge Baker.

27

28

**XI.   Request for Bifurcation, Appointment of Special Master, or other**
**Techniques to Shorten Trial**

Not applicable at this time.

**XII.   Related Matters Pending**

There are no pending related matters.

**XIII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **September 11, 2023**

UNITED STATES MAGISTRATE JUDGE